UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE PARISH OF PLAQUEMINES**<br>Plaintiff<br><br>**VERSUS**<br><br>**CAMPBELL ENERGY CORPORATION, BEPCO, L.P., BOPCO, L.P., EXXON MOBIL CORPORATION, CONOCOPHILLIPS COMPANY, GRAHAM ROYALTY, LTD., GULF EXPLORATION COMPANY, INC., CHEVRON U.S.A., INC., GULF PRODUCTION COMPANY, INC., KENMORE OIL CO., INC., THE LOUISIANA LAND AND EXPLORATION COMPANY LLC, LINDER OIL COMPANY, A PARTNERSHIP, LLOG EXPLORATION & PRODUCTION COMPANY, L.L.C., FREEPORT-MCMORAN OIL & GAS LLC, RESOURCES INVESTMENT CORPORATION, SPARTAN MINERALS, LTD., CHEVRON U.S.A. HOLDINGS, INC., AND EDWIN L. COX**<br>Defendants. | **CIVIL ACTION NO.: 2:18-cv-05264**<br><br>**JUDGE: FELDMAN**<br><br>**MAGISTRATE JUDGE: NORTH** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THE MOTION FOR STAY PENDING MDL DETERMINATION**

The Court should stay the case – and particularly consideration of remand – until after the Judicial Panel on Multidistrict Litigation ("JPML") rules on a pending motion to coordinate proceedings in this case and 40 other cases (the "MDL Motion"). The JPML is scheduled to meet on July 26, 2018.

1

Plaintiffs agree that the more than forty substantially similar removed cases should be stayed, except that plaintiffs do not want the Court to stay consideration of the Parish's expected motion to remand and possible related discovery the Parish is considering issuing to support its motion to remand. Plaintiffs' position makes no sense: the Court and the parties would benefit from a coordinated handling of the remand motions in this and the other 40 cases.

On May 23, 2018, defendants removed this case from state court. On the same day and ensuing days, defendants removed 40 other cases, asserting largely the same bases for removal. On May 25, 2018, defendants filed a motion asking the JPML to coordinate pretrial proceedings in all 41 cases before a single judge.

On May 30, 2018, counsel for the Parish informed defendants that the Parish agrees to a stay of all proceedings in this case pending resolution of its anticipated motion to remand. The Parish said that plaintiffs would take the position that the Parish's motion to remand should be decided before the JPML resolves the MDL Motion.

Moving Defendants *agree* that it would be inefficient for the parties to engage in discovery, dispositive motion practice, or other pretrial work before jurisdictional issues are resolved. But defendants *disagree* that it makes any sense for the Court to resolve the motion to remand in this case before the MDL Motion. If the JPML grants the MDL Motion, the JPML will transfer all 41 cases so that one judge can coordinate *all* pretrial proceedings—including motions to remand—as efficiently as possible. Under plaintiffs' proposal, multiple judges will need to consider and resolve the similar factual and legal issues raised by plaintiffs' remand motions. There is no reason for multiple judges to duplicate efforts in resolving motions and to potentially make inconsistent rulings when all cases might be transferred to a single judge.

This Court has inherent power to stay proceedings. "Whether or not to grant a stay is within the Court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency. *Louisiana Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009). When considering a stay pending resolution of a motion for coordinated proceedings, the Court "should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.*

Here, plaintiffs will suffer no prejudice, hardship, or inequity by staying these cases until the JPML rules on the MDL Motion. Plaintiffs already say they *want* this Court to stay proceedings *other than* their motion to remand. Plaintiffs clearly do not believe a delay in discovery, obtaining a case management order, or even trial dates will prejudice them. And, any delay in resolution of plaintiffs' motion to remand will be minimal. The next date for a hearing session before the JPML is July 26, 2018. If the JPML grants the motion, the cases will be coordinated before a single judge, who can then rule on the motion to remand. That would avoid the need for multiple judges to make rulings on the similar legal issues that plaintiffs' motion to remand will inevitably raise and avoid potential inconsistent rulings.

"Courts frequently grant stays in cases when an MDL decision is pending." *Cajun Offshore Charters, LLC v. BP Products N. Am., Inc.*, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010). In *Cajun Offshore,* BP filed a motion "to consolidate the many cases related to the Deepwater Horizon explosion before the Judicial Panel for Multidistrict Litigation pursuant 28 U.S.C. § 1407" on May 7, 2010. The motion was "expected to be heard in late July 2010." Judge

3

Feldman granted the motion because he concluded the delay was in the interest of judicial economy.

> With at least seventy lawsuits in different districts, the defendants face the burden of litigating in multiple jurisdictions. More importantly, between the various lawyers and judges on the cases, there is a grave potential for conflicting discovery orders. This poses not only a hardship for the defendants, but mocks an efficient and orderly judicial system.

*Id.*

Here, plaintiffs would face a delay similar to the one faced by the parties in *Cajun Offshore*. But unlike *Cajun Offshore*, plaintiffs here **want** the court to delay pretrial proceedings (other than consideration of their motion to remand). Whatever delay plaintiffs will experience is slight; the gains in efficiency in having one judge resolve the motions to remand will be substantial. As Judge Engelhardt observed in granting a motion to stay in *Louisiana Stadium*, 2009 WL 926982, at *1: "The waste of judicial resources, however – especially if, as seems likely, a motion to dismiss is filed – would be substantial (assuming the MDL was eventually granted), since the Court would have to spend time familiarizing itself with the intricacies of a case involving complex financial transactions that will ultimately be heard by another judge." Exactly the same is true here.

For the foregoing reasons, moving Defendants request that the Court stay proceedings in this case until the JPML rules on the MDL Motion.

Respectfully submitted:

**KEAN MILLER LLP**

/s/ Claire E. Juneau
Michael R. Phillips (#21020)
mike.phillips@keanmiller.com
Brett P. Fenasci (#29858)
brett.fenasci@keanmiller.com
Claire E. Juneau (#33209)
claire.juneau@keanmiller.com
Shannon Shelton Cobb (#34762)
shannon.cobb@keanmiller.com
909 Poydras Street, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3951
-and-

**KEAN MILLER LLP**
Charles S. McCowan, III (#19699)
trey.mccowan@keanmiller.com
Pamela R. Mascari (#25162)
pam.mascari@keanmiller.com
II City Plaza
400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
-and-

**SUSMAN GODFREY L.L.P.**
Eric J. Mayer (#14184)
emayer@susmangodfrey.com
Alexandra White (#29478)
lwhite@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Attorneys for Defendants Chevron U.S.A. Inc. and Chevron U.S.A. Holdings Inc.*

/s/ Michele DeShazo_____
Deborah D. Kuchler, T.A. (#17013)
Robert E. Guidry (#28064)
Sarah E. Iiams (#22418)
Michele Hale DeShazo (#29893)
**KUCHLER POLK WEINER, LLC**
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
T. 504-592-0691
F. 504-592-0697

*Attorneys for ConocoPhillips Company and The Louisiana Land and Exploration Company LLC*


/s/ Robert McNeal_____ _____
Robert B. McNeal (No. 14211)
rbmcneal@liskow.com
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Michael P. Cash (No. 31655)
mcash@liskow.com
**LISKOW & LEWIS**
First City Tower
1001 Fannin Street
Houston, Texas 77002-6756
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
-and-

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone: (337) 232-7424
Facsimile: (337) 267-2399
-and-

Martin A. Stern (No. 17154)
martin.stern@arlaw.com

        Glen M. Pilié (No. 1539)
        glen.pilie@arlaw.com
        Jeffrey E. Richardson (No. 23273)
        jeffrey.richardson@arlaw.com
        Alexandra G. Roselli (#37847)
        alexandra.roselli@arlaw.com
        **ADAMS AND REESE LLP**
        701 Poydras Street, Suite 4500
        New Orleans, Louisiana 70139
        Telephone: (504) 581-3234
        Facsimile: (504) 566-0210
        -and-

        Roy C. Cheatwood (No. 04010)
        rcheatwood@bakerdonelson.com
        Monica A. Frois (No. 20187)
        mfrois@bakerdonelson.com
        Matthew A. Woolf (No. 27146)
        mwoolf@bakerdonelson.com
        Tyler L. Weidlich (No. 30790)
        tweidlich@bakerdonelson.com
        **BAKER, DONELSON, BEARMAN,**
        **CALDWELL & BERKOWITZ**
        201 St. Charles Avenue, Suite 3600
        New Orleans, Louisiana 70170
        Telephone: (504) 566-5200
        Facsimile: (504) 636-4000

        *Attorneys for Exxon Mobil Corporation*

## CERTIFICATE OF SERVICE

This is to certify that on May 30, 2018, a copy of the foregoing was filed electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which then issued electronic notices of the filing to registered attorneys in the federal CM/ECF PACER system.

        /s/Claire E. Juneau